**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 09-30032-GPM |
| | ) |
| ALBERT BURNETT, | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court on the Defendant's *Ex Parte* Motion to Amend Previously Issued Subpoena pursuant to Rules 17(b) and (c), Federal Rules of Criminal Procedure (Doc. 38). Defendant moves this Court to order the issuance of an amended subpoena *duces tecum* requiring the Custodians of Records and individuals from various Illinois Department of Corrections (IDOC) facilities and other parole-related entities to appear and/or produce records concerning: any letters, documents, policies or administrative directives regarding the restoration of Defendant's civil rights; including standardized or form letters regarding the restoration of any defendant's civil rights.

The Supreme Court has offered explicit guidance for when the issuance of subpoenas in criminal cases pursuant to Rule 17(c), Fed. R. Crim. P., is appropriate:

> First, the documents sought must be evidentiary and relevant. Second, the defendant must be unable through the exercise of due diligence to otherwise procure the documents reasonably in advance of trial. Third, the documents must be essential to prepare for trial. Finally, the application must be made in good faith and not intended as a general "fishing expedition."

*See United States v. Nixon*, 418 U.S. 683, 699-700 (1974), *quoted in United States v. Tokash*, 282

F.3d 962, 971 (7th Cir. 2002). In other words, Rule 17(c) contemplates "only the gathering of specifically identified documents which a defendant knows to contain relevant evidence to an admissible issue at trial." *Tokash*, 282 F.3d at 971.

Here, Defendant's motion does not specifically address each of the above factors. It is clear to the Court, however, that Defendant's motion meets the requisite standard. Specifically, the documents requested by Defendant are evidentiary and relevant. Further, Defendant has apparently attempted to procure the documents directly from IDOC, but was not successful (*see* Doc. 38, p. 3). The documents are clearly essential for Defendant to be able to put forth a complete defense because they may be dispositive of his alleged status as an armed career criminal. Finally, Defendant's requests are specific enough to alleviate any concerns that they are made in bad faith or intended merely as a "fishing expedition."

Therefore, in light of the foregoing, Defendant's Motion is **GRANTED**. The Court authorizes the issuance and service of Subpoenas *duces tecum* directed to every facility and individual set forth in Defendant's Exhibit A (attached to Doc. 38). The Custodians of Record of each facility and each individual listed therein are hereby **ORDERED** to appear and produce, no later than April 9, 2010, all of the items outlined in Defendant's motion.

In lieu of appearing, each facility and/or individual may comply with this Order by delivering, prior to April 2, 2010, the above-described documents to:

> Stephen R. Welby
> The Welby Law Firm, LLC
> 1221 Locust Street, 4th Floor
> St. Louis, Missouri 63103

Having considered the matter carefully, however, the Court can discern no reason why this

application should be considered *Ex Parte* or filed under Seal. Rule 17(b) contemplates *Ex Parte* applications, but only "if the defendant shows an inability to pay the witnesses's fees." Fed. R. Crim. P. 17(b). No such showing has been made here. Therefore, the Court hereby **FURTHER ORDERS** that all information obtained from the issued subpoenas shall be provided directly to both parties. As such, a copy of every document sent to the address above should also be sent to:

>    Donald S. Boyce
>    Assistant U.S. Attorney, S.D. of Illinois
>    9 Executive Drive
>    Fairview Heights, IL 62208

Finally, the Court hereby **FURTHER ORDERS** that the costs and fees incurred by said process shall be paid by the United States Government, including payment of appropriate travel and per diem expenses.

**IT IS SO ORDERED.**

DATED: 03/19/10

>    s/ *G. Patrick Murphy*
>    G. PATRICK MURPHY
>    United States District Judge