IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 3:09CR30032 GPM |
| ) | |
| ALBERT BURNETT, ) | |
| ) | |
| Defendant. ) | |

**DECLARATION UNDER PENALTY OF PERJURY
PURSUANT TO 28 U.S.C. § 1746**

I, Jesse Montgomery, the undersigned declarant, state as follows:

1. I am over eighteen years old and competent to testify to the matters contained herein.

2. I am the Chief of the Parole Division in the Illinois Department of Corrections (IDOC). In that capacity, I am familiar with our former Administrative Directives 04.15.105A-C and 04.15.105, now a part of Administrative Directive 04.50.150, relating among other things to discharge letters, and the routine practices of the IDOC in carrying out those directives.

3. The aforementioned directives required the appropriate Community Services or Parole supervisor, upon notification of a releasee's discharge from parole, to notify the releasee of the restoration of his rights.

4. In compliance with these directives, in 1999 and 2002, it was the routine practice of the IDOC to mail releasees a letter upon discharge of their parole notifying them of the restoration of their rights.

5. During the years 1999 and 2002, the IDOC used a standard letter to inform releasees who discharged from parole of the restoration of their rights. *See* Attached Exhibit A,



DEFENDANT'S EXHIBIT G

Standard Discharge Letter in 1999 and 2002. This standard letter informed the releasee of the restoration of his right to vote and hold offices created under the constitution of the State of Illinois as well as his limited right to the restoration of licenses granted to them under the authority of the State of Illinois.

6. It was not, however, the practice of the IDOC or individual officers within the Parole Division to maintain copies of such discharge letters in the files of the releasees.

FURTHER DECLARANT SAYETH NOT.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 9-23-10

Jesse Montgomery

01/14/02          ILLINOIS DEPT. OF CORRECTIONS





RE:  DISCHARGE FROM PAROLE/MANDATORY SUPERVISED RELEASE

DEAR ▓▓▓▓

WE HAVE BEEN ADVISED BY THE FIELD SERVICES OFFICE OF THE
LINCOLN                CORRECTIONAL CENTER THAT YOU HAVE
COMPLETED THE MAXIMUM OF YOUR SENTENCE AS OF 01/13/2002.
ON THIS DATE, YOUR OBLIGATION TO THE DEPARTMENT CEASES.

WE ARE PLEASED TO INFORM YOU OF THE RESTORATION OF YOUR RIGHT TO
VOTE AND TO HOLD OFFICES CREATED UNDER THE CONSTITUTION OF THE
STATE OF ILLINOIS.  YOU ALSO HAVE THE RIGHT TO RESTORATION OF
LICENSES GRANTED TO YOU UNDER THE AUTHORITY OF THE STATE OF
ILLINOIS IF SUCH LICENSE WAS REVOKED SOLELY AS A RESULT OF YOUR
CONVICTION, UNLESS THE LICENSING AUTHORITY  DETERMINES THAT SUCH
RESTORATION WOULD NOT BE IN THE PUBLIC INTEREST.

WE TAKE THIS OPPORTUNITY TO CONGRATULATE YOU ON YOUR SUCCESSFUL
COMPLETION OF YOUR SUPERVISION AND WISH YOU CONTINUED SUCCESS.

                              SINCERELY,

                         _____

